UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SARAH FAYE CARRIER

CIVIL ACTION

VERSUS

NO. 17-1543-BAJ-EWD

LEXINGTON INSURANCE COMPANY

**NOTICE AND ORDER**

On November 1, 2017, plaintiff, Sarah Faye Carrier ("Plaintiff"), filed a Complaint against defendant, Lexington Insurance Company ("Defendant"), for damages allegedly arising from Defendant's breach of an insurance contract.[1]   Specifically, Plaintiff contends that Defendant issued a private flood insurance policy and that following long-duration flooding that caused damage to Plaintiff's insured property, Defendant failed to adequately compensate Plaintiff for covered losses.

Plaintiff asserts that this court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[2]   Plaintiff alleges that she is "domiciled" in Louisiana and that Defendant "is a foreign insurance company."[3]   While this is a sufficient allegation with respect to Plaintiff's citizenship, *see*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."), Plaintiff has not adequately alleged the citizenship of Defendant.   In the event Defendant is a corporation, Plaintiff must allege Defendant's state of incorporation and principal place of business.  *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation

---

[1] R. Doc. 1.

[2] Plaintiff explicitly alleges that the amount in controversy exceeds $75,000.  R. Doc. 1, ¶ 1.

[3] R. Doc. 1, ¶¶ 5 & 6.

1

as well as the principal place of business of each corporation."). Alternatively, in the event Defendant is a limited liability company or other unincorporated association, Plaintiff must allege the citizenship of all of Defendant's members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a Motion to Amend the Complaint with an attached proposed comprehensive Amended Complaint that adequately alleges Defendant's citizenship. Plaintiff shall have fourteen (14) days from the date of this Notice and Order to file the Motion to Amend. No further leave of court is necessary to timely file the Motion to Amend.

Signed in Baton Rouge, Louisiana, on November 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

2